**FILED**
**U.S. District Court**
**District of Kansas**
05/07/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**BRIAN MICHAEL WATERMAN,**

> **Plaintiff,**

> v.                                                  **CASE NO. 26-3118-JWL**

**TERRY CHAPUT, et al.,**

> **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff Brian Michael Waterman, who is incarcerated at the Ellsworth Correctional Facility ("ECF") in Ellsworth, Kansas, brings this pro se civil rights case. Plaintiff alleges that the named Defendants "are sending" him to another facility to be placed in general population where he will be attacked and then transferred again. (Doc. 1, p. 2.) Plaintiff further alleges that the transfer is motivated by retaliatory intent. *Id.* As supporting facts for the sole claim in the complaint filed in this matter, Plaintiff asserts that in 2024, he was transferred to Hutchinson Correctional Facility "to be harmed" in retaliation for civil litigation he initiated; he was placed in general population and "had to go on mental health watch." *Id.* at 4.

When Plaintiff filed his complaint, he neither paid the full filing fee nor filed a motion to proceed in forma pauperis. As Plaintiff is well aware, he is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). *See*, *e.g.*, *Waterman v. Waldock*, 2025 WL 1865500, *1 (D. Kan. July 7, 2025) (unpublished) (noting that Plaintiff is subject to this provision); *Waterman v. Groves*, 2021 WL 5157490, *1 (D. Kan. Sept. 3, 2021) (unpublished) (same). Court records fully establish that Plaintiff "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous,

malicious, or fails to state a claim upon which relief may be granted."[1] *See* 28 U.S.C. § 1915(g). Accordingly, he may proceed in forma pauperis only if he establishes a threat of imminent danger of serious physical injury. *Id.*

"To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious physical harm.'" *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. May 23, 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)). "Vague and utterly conclusory assertions are insufficient." *Id*. The harm must be imminent or occurring at the time the complaint is filed, "allegations of past harm do not suffice." *Id*. (citations omitted). The "imminent danger" exception has a temporal limitation—[t]he exception is construed narrowly and available only 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'" *Lynn v. Roberts*, No. 11-3073-JAR, 2011 WL 3667171, at *2 (D. Kan. Aug. 22, 2011) (citation omitted). "Congress included an exception to the 'three strikes' rule for those cases in which it appears that judicial action is needed as soon as possible to prevent serious physical injuries from occurring in the meantime.'" *Id*. (citation omitted).

The Court has examined the complaint and finds no specific, credible showing that Plaintiff is in imminent danger of serious physical harm. Plaintiff's alleges that at some unknown point in the future, he will be transferred to another facility, placed in general population, attacked by other inmates, and then transferred again. As previously explained to Plaintiff, this type of speculation is not sufficient to overcome the three-strikes provision. *See Waterman*, 2025 WL 1865500 at *2

---

[1] Prior to filing the instant complaint, the Court finds at least three prior civil actions filed by Plaintiff that qualify as "strikes" under § 1915(g). *See In re Brian Michael Waterman*, Case No. 21-3049, Doc. 010110507615, at 2 (10th Cir. April 14, 2021) (finding that Waterman failed to present even a colorable claim to mandamus relief and dismissal of his petition as frivolous counts as a strike for purposes of the three-strikes provision in 28 U.S.C. § 1915(g)); *Waterman v. Crawford County Jail*, Case No. 18-3035-SAC, Doc. 28 (D. Kan. June 4, 2018) (dismissing for failure to state a claim); *Waterman v. Tippie*, Case No. 18-3295-JTM-GEB, Doc. 22 (D. Kan. July 8, 2019) (dismissing for failure to state a claim).

(finding that Plaintiff's "speculation that he will be placed in general population and that, if he is, he will be stabbed" was not a specific credible showing that he was in imminent danger of serious physical injury). Accordingly, pursuant to § 1915(g) Plaintiff may not proceed in forma pauperis in this civil action. Plaintiff is given time to pay the full $405.00 district court filing fee[2] to the Court. Failure to respond within the prescribed time will result in the dismissal of this matter without prejudice and without additional prior notice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is denied leave to proceed in forma pauperis**.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **June 8, 2026,** to submit the $405.00 filing fee. The failure to respond by the deadline will result in the dismissal of this matter without prejudice and without additional prior notice.

**IT IS SO ORDERED**.

**Dated May 7, 2026, in Kansas City, Kansas.**

**S/  John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**

---

[2] If a person is not granted in forma pauperis status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $55.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.